**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:24 am, Sep 17, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br>TEIZA J. MCCLATTIE,<br><br>Debtor | Chapter 13 Case<br>Number 11-11652 |
| TEIZA J. MCCLATTIE,<br><br>Plaintiff<br><br>v.<br><br>ONEMAIN, INC.,<br><br>Defendant. | Adversary Proceeding<br>Number 12-01011 |

## OPINION AND ORDER

Before the Court is a summary judgment motion filed by Teiza J. McClattie ("Debtor" or "Plaintiff") seeking a determination that OneMain, Inc. ("OneMain" or "Defendant") is bound by the terms of the confirmed plan as to the valuation of the real property securing OneMain's claim and the Plan's treatment of its lien when it failed to object to confirmation of Debtor's chapter 13 plan ("the Plan"). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Debtor's motion is denied.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

On August 23, 2011, Debtor filed a chapter 13 bankruptcy petition. Debtor valued her home at $90,000 in her bankruptcy schedules and listed Bank of America Home Loans ("Bank of America") as holding a first lien on the home ("the Property") and OneMain as holding a second lien. Case No. 11-11652, Dckt. No. 1, Schedule D. Debtor valued Bank of America's claim at $104,157.41 with the unsecured portion being $14,157.41. Case No. 11-11652, Dckt. No. 1, Schedule D. Debtor's schedules also valued OneMain's claim at $13,158.79, all of which was listed as unsecured. Id.

Three provisions of Debtor's Plan address OneMain's claim involving the Property. First, paragraph 2(f) of the Plan states:

> <u>Undersecured</u> Allowed Claims. Debtor moves to value the collateral <u>partially</u> <u>securing</u> the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

| CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| One Main Financial (acct. no. xxxxx9255) | 2nd Mortgage on 703 Hidden Lane Martinez GA | $0.00 | 0% | Pro-rate with other Unsecured creditors pursuant to 2(i) |

Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶2(f)(emphasis added). Second, paragraph 2(i) states that "[a]llowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a 0% dividend or a prorate share of $500.00, whichever is greater." Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶2(i).

Third, paragraph 8 of the Plan provides: "Other provisions: Liens of Wells Fargo and OneMain Financial (acct. no. xxxxxx9255) to be cancelled within 30 days of entry of Chapter 13 Discharge." Id. at ¶8.

On October 24, 2011, a confirmation hearing was held, at which no objections to confirmation were made. On October 27, 2011, the order confirming the Plan was entered. Five days after the hearing on confirmation, October 29, 2011, OneMain timely filed a secured proof of claim in the amount of $13,425.27. Case No. 11-11652, OneMain Financial's Proof of Claim, Claim No. 7. On December 27, 2011, Bank of America filed a proof of claim in the amount of $104,016.87. Case No. 11-11652, Bank of America's Proof of Claim, Claim No. 10. It listed the entire claim as secured and attached a security deed to the proof of claim. Id. No objections to Bank of America's proof of claim, or its lien position, have been filed.

On April 16, 2012, Debtor instituted this adversary proceeding to "strip off" OneMain's lien on the Property. Debtor filed a Motion for Summary Judgment in which she argues the provisions of the confirmed Plan relating to the "strip off" of OneMain's lien and the valuation of the Property are binding. Debtor contends the terms of the Plan are res judicata preventing OneMain from challenging the treatment of its claim in the Plan. Dckt. No. 9, Plaintiff's Motion for Summary Judgment, p. 4-6. In response,

OneMain challenges the validity of Bank of America's interest in the Property and argues the Summary Judgment Motion should also be denied because OneMain did not receive proper notice of the valuation of its claim. OneMain further argues Debtor failed to object to its allowed proof of claim which results in the claim being an allowed claim. Dckt. No. 12, Defendant's Brief in Response to Debtor's Motion for Summary Judgment, pp. 4-7.

OneMain also asserts Debtor prevented it from independently assessing the Property's value and seeks to proffer a tax assessment as proof of value. On July 5, 2012, pursuant to Federal Rule of Civil Procedure 15(a), an order was entered granting OneMain's motion to amend its answer and allowing OneMain to attach a tax appraisal to its answer. Order, Dckt. No. 15. The attached tax appraisal values the Property at $122,124.00, which exceeds the outstanding debt owed to the Bank of America. Amended Response, Dckt. No. 17.

### CONCLUSIONS OF LAW

The issue is whether provisions in Debtor's confirmed Plan purportedly valuing the Property securing a creditor's claim at $0.00 binds OneMain and prevents OneMain from arguing valuation in this adversary proceeding to strip OneMain's lien.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In order for Debtor to prevail on summary judgment in this adversary proceeding, she must prove as a matter of law that OneMain's claim is entirely unsecured. See In re Tanner, 217 F.3d 1357, 1360 (11th Cir. 2000) (allowing a debtor to strip a wholly unsecured junior creditor's lien on a residence, but stating if there is $1.00 of equity, the claim secured by Debtor's principal residence must be paid in full).

OneMain alleges summary judgment is not appropriate because the following material facts are in dispute: the validity of Bank of America's claim and the value of the Property securing OneMain's claim. OneMain also argues Debtor is not entitled to judgment as a matter of law because it has an allowed secured claim.

First, OneMain questions the validity of Bank of America's claim. The proof required to establish the validity of a lien is a properly recorded deed to secure debt. See Ga. Primary Bank v. Atlanta Paving Inc., 711 S.E.2d 409, 411 (Ga. Ct. App. 2011) ("[I]t is well settled that the filing of and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in property."). Here, Bank of

America's proof of claim includes a copy of a recorded security deed securing Bank of America's claim. Case No. 11-11652, Bank of America's Proof of Claim, Claim No. 10, p. 10-15. Furthermore, Bank of America's claim is deemed allowed under 11 U.S.C. §502, which provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest. . . objects." 11 U.S.C. §502(a). The Court has taken judicial notice from the case docket that no party has objected to Bank of America's proof of claim. See Fed. R. Evid. 201. For these reasons, I find there is no genuine issue as to the validity of Bank of America's claim.

Next, OneMain argues there is a dispute of fact as to the value of the Property. This is important because if there is $1.00 of equity, the "anti-modification" provision of 11 U.S.C. §1322 precludes Debtor from "stripping" OneMain's lien on Debtor's principal residence. See 11 U.S.C. §1322(b)(2)(a debtor may not modify the rights of creditors whose claims are secured by the debtor's principal residence); In re Tanner, 217 F.3d at 1360(allowing debtors to strip wholly unsecured junior creditor's liens on the debtor's principal residence, but if there is any equity the junior lienholder must be paid in full). OneMain argues the Plan's purported valuation of the Property has no res judicata effect on the issue at hand because OneMain failed to receive

adequate notice of Debtor's intentions.

Section 1327 of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, accepted, or has rejected the plan." 11 U.S.C. §1327(a). Provided clear and unambiguous notice is given, a chapter 13 plan can establish the value of a creditor's claim. See Best v. GMAC Mortg. LLC (In re Best), 2012 WL 2905748 *6 (Bankr. S.D. Ga. July 05, 2012).[1] The issue is whether the Plan provides clear and unambiguous notice of Debtor's proposed treatment of OneMain's claim and for the reasons discussed below, I find it does not.

Valuation of collateral by a bankruptcy court "must be understood as part of the §506 determination of secured status." In re Calvert, 907 F.2d 1069, 1071 n.1 (11th Cir. 1990). Pursuant to 11 U.S.C. §506(a), the Court may determine the collateral's value at the confirmation hearing based upon the clear and unambiguous terms of the Plan and the confirmation process. In re Sernaque, 311 B.R. 632, 639 (Bankr. S.D. Fla. 2004); In re Best, 2012 Wl 2905748 at *6.

However, Federal Rule of Bankruptcy Procedure 3012 mandates:

---

[1] While not an issue currently before me, I continue to think the proper method to strip a wholly unsecured second home mortgage is through an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and plan provisions attempting to strip such liens should draw objections from the Chapter 13 Trustee.

> specific notice be given that the bankruptcy court will determine the extent to which a claim is secured. Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the security valuation process, does not satisfy the requirement of Rule 3012.

In re Calvert, 907 F.2d at 1071 n.1 (11th Cir. 1990). Once confirmed, a bankruptcy plan has "a *res judicata* effect as to certain issues which were or should have been addressed in the confirmation process." In re Seidler, 44 F.3d 945, 948 (11th Cir. 1995). This is true even if the terms of the confirmed plan contradict provisions of the Bankruptcy Code. See United Student Aid Funds Inc. v. Espinosa, 130 S.Ct. 1367, 1380 (2010) (holding that bankruptcy court's legal error in confirming debtor's plan did not render its judgment void).

OneMain argues it did not receive specific notice that Debtor intended to value the Property at the confirmation hearing. Debtor utilized the Official "Chapter 13 Plan and Motion" form approved in the Southern District of Georgia. The Plan provides that Debtor:

> moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

| CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| One Main Financial (acct. no. x9255) | 2nd Mortgage on 703 Hidden Lane Martinez GA | $0.00 | 0% | Pro-rate with other Unsecured creditors pursuant to 2(i) |

Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶2(f). Further, the Notice of Chapter 13 Bankruptcy Case given in all chapter 13 bankruptcy cases advises creditors they must file objections to Debtor's Motion to Value Collateral no later than fifteen calendar days following the conclusion of the Meeting of Creditors. Case No. 11-11652, Dckt. No. 9, Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines. Debtor argues this Plan provision was sufficient to put OneMain on specific notice that Debtor intended to value the Property through the plan confirmation process and that paragraph 8 of the Plan which states OneMain's lien will be cancelled 30 days following discharge is sufficient notice and thus OneMain's collateral was valued at $0.00 at confirmation and OneMain's lien will be cancelled following discharge.

In In re Calvert, the Eleventh Circuit held notice to a creditor that the court intended to hear a motion to reconsider a bankruptcy plan failed to provide specific notice that the debtor intended to value collateral. In re Calvert, 907 B.R. at 1072. The court likewise stated in dicta that notice to the creditor that it "might" hear evidence on valuation failed to provide specific notice that it intended to value collateral. Id. at 1072 n.3

In the case sub judice, the Plan states the Debtor "moved to value the collateral. . . . pursuant to §506" and advises creditors to

file objections to Debtor's Motion to Value Collateral within fifteen days of the Meeting of Creditors. Unlike the plan in Sernaque, the Plan did not have a box checked notifying the creditor that its collateral would be valued.[2] While the Plan provides notice to alert OneMain that Debtor intended to value OneMain's collateral through the plan confirmation process, it is inadequate due to the ambiguity in the Plan. See also In re Best, 2012 WL 2905748 at *6-7.

To satisfy the "clear and unambiguous" standard, the Plan must accurately and clearly characterize OneMain's claim and provide OneMain with an explanation of what Debtor intends to do and the factual and legal basis on which Debtor bases this intention. In re Best, 2012 WL 2905748 at *7; In re Millspaugh, 302 B.R. 90, 99 (Bankr. D. Idaho 2003) citing In re King, 290 B.R. 641, 649-50 (Bankr. C.D. Ill. 2003). Any ambiguity in the Plan is construed against the drafter of the document, the Debtor in this case. Fawcett v. United States, 758 F.2d 588, 591 (11th Cir. 1985).

---

[2] In In re Sernaque, the debtor, utilizing the Local Form for the Southern District of Florida, checked a box that read: "IF CHECKED, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIMS OF THE CREDITORS LISTED BELOW PURSUANT TO 11 U.S.C. §506(a) AND BANKRUPTCY RULE 3012." In re Sernaque, 311 B.R. at 634-35. The Notice of Confirmation stated the plan would be deemed a Motion to Value Collateral under 11 U.S.C. §506(a). Id. Under these facts and circumstances, the Sernaque court held the creditor had specific notice of the debtor's intent to value the collateral through the plan confirmation process. Id. at 641.

Debtor lists OneMain's claim under paragraph 2(f) of the Local Form for Chapter 13 Plan and Motion entitled "Undersecured Allowed Claims." By doing so, Debtor characterized OneMain's claim as "undersecured" and "partially secur[ed]" by the Property. These labels conflict with Debtor's desired treatment of OneMain being wholly unsecured. Further, Debtor states that she intends to "[p]ro-rate [OneMain's claim] with other [u]nsecured creditors pursuant to 2(i)". Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶2(f). Again, giving the impression that a portion of the claim is secured, paragraph 2(i) provides that "unsecured *portions* of any bifurcated claims provided for in paragraph 2(f). . . will be paid a 0% dividend or a pro-rate share of $500.00, whichever is greater." Case No. 11-11652, Dckt. NO. 4, Chapter 13 Plan and Motion ¶ 2(i) (emphasis added). Thus, paragraph 2(i) also contemplates payment of the unsecured portions of claims provided for under paragraph 2(f) which is where OneMain's claim was bifurcated. Consequently, Debtor did not clearly characterize OneMain's claim as a wholly unsecured claim. See In re Best, 2012 WL 2905748 at *7.

Additionally, Debtor fails to clearly state the basis on which she values the Property securing OneMain's claim. Debtor values the Property at $0.00. Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶2(f). There is no explanation of how Debtor attaches

that value to the Property. The need for an explanation here is especially great since the Property itself, real property, is not valueless. See In re Best, 2012 WL 2905748 at *7 stating "merely listing the valuation, interest rate, and monthly payment as '0.00' did not adequately explain to [the creditor] what [the debtor] proposed to do and the factual and legal basis for her proposal."). In her brief, Debtor contends the Property's value is less than the amount due on Bank of America's senior lien. Dckt. No. 9, Plaintiff's Motion for Summary Judgment, p. 5-6. However, this was not clearly explained in the Plan. Debtor's failure to clearly characterize OneMain's claim and provide a sufficient basis on which her valuation is based, causes the Plan's valuation term to fall short of the "clear and unambiguous" standard.

OneMain argues that the terms of the proof of claim have a binding effect on OneMain's secured status since Debtor failed to object to its claim. A debtor may rebut this *prima facie* evidence by objecting to the claim pursuant to Federal Rule of Bankruptcy Procedure 3007. Fed. R. Bankr. P. 3007; see In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003). However, Federal Rule of Bankruptcy Procedure 3007 provides that a "party in interest. . . may include the objection in an adversary proceeding." Fed. R. Bankr. P. 3007(b); see also In re Sernaque, 311 B.R. at 638-39. By filing this adversary proceeding disputing OneMain's secured status, Debtor

has objected to OneMain's proof of claim. Moreover, the Plan provides that "objections to claims may be filed before or after confirmation." Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion. Under the terms of the Plan, Debtor is not required to object to the claim before confirmation. OneMain's claim is now properly in dispute in this adversary proceeding.

While the language of paragraph 8 of the Plan provides that OneMain's lien will be discharged 30 days following discharge, this language must be read in conjunction with the Plan as whole. When paragraph 8 is read with paragraphs 2(f) and 2(i), the Plan is not clear and unambiguous as to the treatment of OneMain's claim.[3] As previously discussed, paragraph 2(f) and 2(i) deal with undersecured not wholly unsecured claims. Paragraph 8 deals with future treatment of OneMain's lien contingent upon the outcome of this adversary proceeding and whether Debtor gets a discharge or not. Paragraph 8 does not clearly and unambiguously deal with valuation of the Property securing OneMain's claim. For these reasons, I find Debtor's intent is not clearly and unambiguously set forth in the Plan and therefore, the Plan's purported valuation of the Property

---

[3] While not addressed by the parties, paragraph 9 also adds to the ambiguity when considered with the language of paragraphs 2(f), 2(i) and 8. Paragraph 9 provides in part: "[T]he <u>amount, and secured or unsecured status, of claims</u> disclosed in this Plan are based upon debtor's <u>best estimate</u> and belief. <u>An allowed proof of claim will supersede those estimated claims.</u> Objections to claims may be filed

securing OneMain's claim has no res judicata effect.

For these reasons, Debtor's Motion for Summary Judgment is ORDERED DENIED.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this 17th day of September 2012.

---

before or after confirmation." Case No. 11-11652, Dckt. No. 4, Chapter 13 Plan and Motion ¶9.